■ DOROTHY G. BENDER FOUNDATION, INC., Respondent/Third-Party Defendant-Respondent, et al., Respondent, v JOSEPH P. CARROLL, Appellant/Counterclaim and Third-Party Plaintiff-Appellant, et al., Appellant. MORTON A. BENDER et al., Counterclaim Defendants-Respondents. [7 NYS3d 33]—

Order and Judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 16, 2013, which, to the extent appealed from as limited by the briefs, after a nonjury trial, awarded plaintiffs judgment on their causes of action for replevin and declaratory relief, declared that plaintiffs are the sole and true owners of all right, title and interest in and to the subject artwork, and that defendants do not have any right, title, or interest in or to the subject artwork, dismissed defendants' counterclaim for declaratory relief, and directed defendants to permit plaintiffs or their agents to retrieve and take possession of the subject artwork, unanimously affirmed, without costs.

In this action for replevin and declaratory relief, plaintiffs, acting separately and with mutual ignorance of the other's involvement, both entered into partnerships with nonparty Salander-O'Reilly Galleries, LLC (SOG) to purchase two Arshile Gorky paintings, Pirate I and Pirate II. After SOG purchased the paintings, defendant Carroll, an art dealer, entered into an agreement to exchange his artwork for Pirate II; however, the agreement he entered into was with The Seven Salander Children Group (The Group), not with SOG. After SOG's owner and operator, Lawrence Salander, was convicted of grand larceny and incarcerated, plaintiffs settled their claims against each other and brought this action against defendants seeking the return of Pirate II and a declaration that they are the true owners of the work.

The court properly determined that plaintiffs, not defendants, own Pirate II. The court properly rejected defendants' claim that plaintiffs, who were partners with SOG, were bound by The Group's sale of Pirate II to Carroll under New York Partnership Law. Without any evidence that SOG conveyed title to The Group, Carroll could not have received good title from The Group, which, defendants concede, was a nonexistent entity. In any event, the sham conveyance was not in the ordinary course of the partnership's business (see Partnership Law § 20 [1]), nor did Salander or SOG have apparent authority to bind plaintiffs (see Standard Funding Corp. v Lewitt, 89 NY2d 546, 551 [1997]).

The court also properly rejected defendants' claim that Carroll was a "buyer in [the] ordinary course of business" under UCC 2-403 (2). The record supports the trial court's conclusion

that Carroll had purportedly acquired the artwork in a grossly undervalued transaction in which he made insufficient inquiry as to Salander or SOG's authority to sell the work, despite behavior on Salander's part that marked a departure from their normal course of dealings, and that, by going forward with the transaction despite these red flags, Carroll did not observe the reasonable commercial standards of the art trade (*see Davis v Carroll*, 937 F Supp 2d 390, 436 [SD NY 2013]).

Contrary to defendants' argument, plaintiff McEnroe was not estopped from claiming ownership of the artwork. After McEnroe learned of Carroll's claim to Pirate II, he attempted to find a solution by proposing that he give up his share of Pirate II in exchange for SOG's share of Pirate I. However, McEnroe was, at that time, unaware of plaintiff Bender's claim to a share of Pirate I. Carroll presented no evidence that McEnroe intended Carroll to rely on his statement that he had relinquished any claim to Pirate II, or that Carroll had relied upon that statement or that he suffered a prejudicial change in his position (*see generally BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853 [1st Dept 1985]).

Defendants waived their current argument that plaintiffs do not have standing to maintain this action, and, in any event, plaintiffs do not lack standing.

We have considered defendants' remaining arguments and find them unavailing. Concur—Renwick, J.P., Saxe, Moskowitz, DeGrasse and Richter, JJ.